UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



'07 CIV 7435

------------------------------------------------------------X
ST. PAUL MERCURY INSURANCE COMPANY,

                      Plaintiff,

-against-

UNITED STATES OF AMERICA,

                      Defendants.
------------------------------------------------------------X

ECF CASE
Case No.:

COMPLAINT

RECEIVED
AUG 22 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, St. Paul Mercury Insurance Company (St. Paul), by counsel, hereby alleges the following as and for its Complaint against defendant, United States of America.

## PARTIES

1. St. Paul is a Minnesota corporation, maintaining its principal place of business at 385 Washington Street, St. Paul, Minnesota, 55102 and is licensed to issue surety bonds in the State of New York.

2. Defendant is the United States of America.

## JURISDICTION AND VENUE

3. This is an action, pursuant to 26 U.S.C. § 7426(a)(1), to set aside a wrongful Notice of Levy (the Levy), dated November 22, 2006, and filed by the United States Department of Treasury- Internal Revenue Service (the IRS) with the New York City Housing Authority (NYCHA) against funds in NYCHA's possession and allegedly payable to NAP Construction Company, Inc. (NAP).

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(e).

5. Venue is properly placed in this District pursuant to 28 U.S.C. § 14029c) because the property allegedly subject to the Levy is located in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Upon information and belief, on or about May 14, 1999, NAP entered into a contract with NYCHA, Contract No. BF9900001 CG6, whereby NAP was to perform construction work at Grant Houses, Baruch Houses, Monroe Houses, Manhattanville Houses and St. Nicholas Houses in the Boroughs of Manhattan and the Bronx, New York (the Miscellaneous Houses Contract).

7. St. Paul, as surety, issued a performance bond and a payment bond for the Miscellaneous Houses Contract, each bearing Bond No. KB 2562 (the Miscellaneous Houses Bond) to (a) secure NAP's performance of the Miscellaneous Houses Contract and (b) NAP's payment to those persons or parties that supplied NAP with labor and/or materials in connection with the Miscellaneous Houses Contract.

8. Upon information and belief, on or about February 14, 2000, NAP entered into a contract with NYCHA, Contract No. ED99000019 CG 23, whereby NAP was to perform construction work at the Baychester Houses in the Borough of the Bronx, New York (the Baychester Houses Contract).

9. St. Paul, as surety, issued a performance bond and a payment bond for the Baychester Houses Contract, each bearing Bond No. KB 2567 (the Baychester Houses Bond) to (a) secure NAP's performance of the Baychester Houses Contract and (b) NAP's payment to those persons or parties that supplied NAP with labor and/or materials in connection with the Baychester Houses Contract.

10. Upon information and belief, on or about November 19, 1999, NAP entered into a contract with NYCHA, Contract No. ED 98000021 CG 7, whereby NAP was to perform construction work at the Throggs Neck Houses in the Borough of the Bronx, New York (the Throggs Neck Houses Contract).

11. St. Paul, as surety, issued a performance bond and a payment bond for the Throggs Neck Houses Contract, each bearing Bond No. KB 2564 (the Throggs Neck Houses Bond) to (a) secure NAP's performance of the Throggs Neck Houses Contract and (b) NAP's payment to those persons or parties that supplied NAP with labor and/or materials in connection with the Throggs Neck Houses Contract.

12. Prior to St. Paul issuing surety bonds on behalf of NAP, St. Paul required of NAP, and received, an executed written General Indemnity Agreement, dated June 25, 1999 (the GIA).

13. The GIA provides that all of NAP's rights in any contract for which St. Paul issued bonds on behalf of NAP were assigned to St. Paul, effective upon, among other things, NAP's being declared in default of any contract bonded by St. Paul, or by NAP breaching any terms of the GIA.

14. The assignment provisions set forth in the GIA relate back to the date that St. Paul first issued bonds for NAP, which was on or about October 15, 1999.

15. On or about February 15, 2005, St. Paul filed with NYCHA an assignment executed by NAP whereby NAP assigned to St. Paul the sum of $150,000.00 as may be due NAP with respect to the Miscellaneous Houses Contract.

COMPLAINT – PAGE 3

16. On or about February 15, 2005, St. Paul filed with NYCHA an assignment executed by NAP whereby NAP assigned to St. Paul the sum of $43,633.08 as may be due NAP with respect to the Throggs Neck Houses Contract.

17. On or about June 27, 2003, an action was commenced, entitled <u>Anthony Cox et al. v. NAP Construction Company, Inc. et al.</u>, in the Supreme Court of the State of New York, New York County, Index No. 11790-03 (the Class Action), whereby a class of NAP employees (the Class Members) seek, among other things, recovery from St. Paul under the Miscellaneous Houses Bond, Baychester Bond and Throggs Neck Bond due to NAP's alleged failure to pay the Class Members prevailing wages as required by law.

18. The Class Action is still pending.

19. To the extent that St. Paul incurs a loss with respect to the Class Action, St. Paul will be subrogated to the rights of the Class Members with respect to the Miscellaneous Houses Contract, Baychester Houses Contract and Throggs Neck Houses Contract, including any rights the Class Members may have under Article 3-A of the New York Lien Law, with respect to the Miscellaneous Houses Contract, Baychester Houses Contract and Throggs Neck Houses Contract.

20. On or about November 22, 2006, the IRS filed the Levy. On or about April 4, 2007, the IRS filed an Amended Levy.

21. Upon information and belief, the Levy is causing NYCHA to withhold funds that are otherwise due, or will become due, or may become due to St. Paul.

22. This action is being filed within nine (9) months of the date of the Levy.

## AS AND FOR A FIRST CAUSE OF ACTION

23. St. Paul repeats, reiterates and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Any funds being held by NYCHA on account of the Levy with respect to the Miscellaneous Houses Contract, Baychester Houses Contract and Throggs Neck Houses Contract are trust funds as defined by Article 3-A of the New York State Lien Law.

25. As trust funds, the funds held by NYCHA are not property belonging to NAP and therefore the Levy cannot attach to funds held by NYCHA.

26. For the IRS to recover funds from NYCHA to satisfy tax liabilities incurred by NAP outside the scope of the Miscellaneous Houses Contract, Baychester Houses Contract and Throggs Neck Houses Contract would constitute a diversion of statutory trust funds as defined by Article 3-A of the New York Lien Law.

27. Wherefore, the Levy must be dismissed and/or discharged.

## AS AND FOR A SECOND CAUSE OF ACTION

28. St. Paul repeats, reiterates and realleges Paragraphs 1 through 27 as if fully set forth herein.

29. The New York Lien Law prohibits a judgment creditor from executing against statutory trust funds.

30. The Levy has the legal effect of being a judgment.

31. The Levy cannot be used to seize the statutory trust funds held by NYCHA.

32. Wherefore, the Levy must be dismissed and/or discharged.

## AS AND FOR A THIRD CAUSE OF ACTION

33. St. Paul repeats, reiterates and realleges Paragraphs 1 through 32 as if fully set forth herein.

34. Because St. Paul is subrogated to the rights of the subcontractors and suppliers it has paid, St. Paul's claim to the funds being held by NYCHA with respect to any specific contract on which St. Paul has made a payment is superior to the IRS' claim insofar as the IRS' claim relates to NAP's tax liabilities incurred outside of the Miscellaneous Houses Contract, Baychester Houses Contract and Throggs Neck Houses Contract.

35. Wherefore, the Levy must be dismissed and/or discharged.

## AS AND FOR A FOURTH CAUSE OF ACTION

36. St. Paul repeats, reiterates and realleges Paragraphs 1 through 35 as if fully set forth herein.

37. Because St. Paul is contingently subrogated to the rights of the Class Members it may be obligated to pay in the Class Action, St. Paul's claim to the funds being held by NYCHA with respect to the Miscellaneous House Contracts, Baychester Houses Contract and Throggs Neck Houses Contract is superior to the IRS' claim insofar as the IRS' claim relates to NAP's tax liabilities incurred outside of those three contracts.

## AS AND FOR A FIFTH CAUSE OF ACTION

38. St. Paul repeats, reiterates and realleges Paragraphs 1 through 37 as if fully set forth herein.

39. St. Paul has been assigned NAP's right to payment of some or all of the monies held by NYCHA with respect to the Miscellaneous House Contracts, Baychester Houses Contract and Throggs Neck Houses Contract.

40. St. Paul's assignment rights were perfected prior to the filing of the Levy.

41. St. Paul therefore has a superior right vis-à-vis the IRS to the funds held by NYCHA with respect to the Miscellaneous Houses Contract, Baychester Houses Contract and Throggs Neck Houses Contract to the extent the IRS has claims to such funds for tax liabilities incurred by NAP outside the scope of these three contracts.

42. Wherefore, the Levy must be dismissed and/or discharged.

**WHEREFORE,** St. Paul demands judgment as follows:

(a) Dismissing and/or discharging the Levy filed by the IRS;

(b) Ordering the IRS to disgorge any monies it has been paid by NYCHA pursuant to the Levy;

(c) Awarding St. Paul costs of this lawsuit; and

(d) For such other relief as the Court deems appropriate and proper.

Dated:  Garden City, New York
        August 21, 2007

                                    ST. PAUL MERCURY
                                    INSURANCE COMPANY

                                    By: _____
                                        John F. Hamilton (JH 9365)

COMPLAINT – PAGE 7

John F. Hamilton, Esq. (JH 9365)
James M. Boyce, Esq. (JB 7338)
WESTERMANN HAMILTON SHEEHY
AYDELOTT & KEENAN, LLP
Garden City Center, Suite 502
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
(516) 794-7500

Counsel for plaintiff,
St. Paul Mercury Insurance Company

COMPLAINT – PAGE 8