MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    EMILY E. DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-1579
Facsimile Nos. (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ST. PAUL MERCURY INSURANCE
COMPANY                                                      :
                                                             :
                                                             :   **ECF CASE**
                  Plaintiff,                                 :
                                                             :   <u>ANSWER</u>
         v.                                                  :
                                                             :   07 CV 7435 (RJS)
UNITED STATES OF AMERICA                                     :
                                                             :
                  Defendant.                                 :
------------------------------------------------------------ x

    Defendant United States of America ("defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of St. Paul Mercury Insurance Company ("plaintiff") upon information and belief as follows:

    1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 of the complaint.

    2.  Admits the allegation in paragraph 2 of the complaint.

    3.  Paragraph 3 of the complaint constitutes plaintiff's characterization of the nature of this action, to which no response is required. To the extent a response is required, denies the allegations, but admits and avers that the Internal Revenue Service ("IRS") served a

Notice of Levy, dated November 22, 2006, on the New York City Housing Authority ("NYCHA") relating to taxes owed by NAP Construction Company ("NAP").

    4.    Paragraph 4 of the complaint contains conclusions of law to which no response is required.

    5.    Paragraph 5 of the complaint conatins conclusions of law to which no response is required.

    6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

    7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

    8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

    9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

    10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

    11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

    12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint.

    13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19. Paragraph 19 of the complaint contains conclusions of law to which no response is required. To the extent a response is required, denies the allegations in paragraph 19.

20. Denies the allegations in the first sentence of paragraph 20 of the complaint, but admits and avers that the IRS served a Notice of Levy, dated November 22, 2006, on the NYCHA relating to taxes owed by NAP. Denies the allegations in the second sentence of paragraph 20 of the complaint, but admits and avers that the IRS served a second Notice of Levy, dated April 4, 2007, on the NYCHA relating to taxes owed by NAP.

21. Denies the allegations in paragraph 21 of the complaint.

22. Admits the allegations in paragraph 22 of the complaint.

23. Repeats and realleges defendant's response to the allegations in paragraphs 1 through 22 of the complaint as though fully set forth in this paragraph.

24. Paragraph 24 contains conclusions of law to which no response is required.

25. Paragraph 25 contains conclusions of law to which no response is required.

26. Paragraph 26 contains conclusions of law to which no response is required.

27. Paragraph 27 states plaintiff's request for relief, to which no response is required.

28. Repeats and realleges defendant's response to the allegations in paragraphs 1 through 27 of the complaint as though fully set forth in this paragraph.

29. Paragraph 29 of the complaint contains conclusions of law to which no response is required.

30. Paragraph 30 of the complaint contains conclusions of law to which no response is required.

31. Paragraph 31 of the complaint contains conclusions of law to which no response is required.

32. Paragraph 32 of the complaint states plaintiff's request for relief, to which no response is required.

33. Repeats and realleges defendant's response to the allegations in paragraphs 1 through 32 of the complaint as though fully set forth in this paragraph.

34. Paragraph 34 of the complaint contains conclusions of law to which no response is required.

35. Paragraph 35 of the complaint states plaintiff's request for relief, to which no response is required.

36. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 35 of the complaint as though fully set forth in this paragraph.

37. Paragraph 37 of the complaint contains conclusions of law to which no response is required.

38. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 37 of the complaint as though fully set forth in this paragraph.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint.

41. Paragraph 41 of the complaint contains conclusions of law to which no response is required.

42. Paragraph 42 states plaintiff's request for relief, to which no response is required.

43. The allegations in the unnumbered paragraph following paragraph 42 of the complaint and commencing with the word "WHEREFORE" state plaintiff's request for relief, to which no response is required. To the extent a response is required, denies that plaintiff is entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

44.     The complaint fails to state a claim on which relief could be granted.

### SECOND DEFENSE

45.  Plaintiff is not entitled to dismissal or discharge of the November 22, 2006 and April 4, 2007 IRS levies because defendant's claims for unpaid employment-related taxes have priority over plaintiff's claims; or, in the alternative, plaintiff is only entitled to dismissal or discharge of the IRS levies to the extent that the funds subject to the levies exceed the amount of the relevant federal employment-related taxes owed by NAP.

### THIRD DEFENSE

46.     The Court lacks subject matter jurisdiction over plaintiff's requests for relief that exceed the relief authorized by statute, 26 U.S.C. §7426(b).

### FOURTH DEFENSE

47.     Plaintiff may not recover costs in excess of those permitted by 28 U.S.C. § 2412.

WHEREFORE, the defendant demands judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:  New York, New York
        October 26, 2007

>                       MICHAEL J. GARCIA
>                       United States Attorney for the
>                       Southern District of New York,
>                       Attorney for Defendant
>
> By:    /s/   Emily E. Daughtry
>                       EMILY E. DAUGHTRY
>                       Special Assistant United States Attorney
>                       86 Chambers Street, Third Floor
>                       New York, New York 10007
>                       Telephone Nos. (212) 637-1579
>                       Facsimile Nos. (212) 637-2717

TO:   John F. Hamilton, Esq.
      James M. Boyce, Esq.
      Westermann Hamilton Sheehy Aydelott & Keenan, LLP
      Garden City Center, Suite 502
      100 Quentin Roosevelt Blvd.
      Garden City, New York 11530
      Attorneys for Plaintiff